# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| MARCUS MILLER,             ) | |
|                            ) | |
|     Plaintiff,    ) | |
|                            ) | |
| vs.                        ) | Case No. 5:06-cv-4896-SLB-TMP |
|                            ) | |
| TIM MORGAN, et al.,        ) | |
|                            ) | |
|     Defendants.  ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on February 6, 2007, recommending that this action, filed pursuant to 42 U.S.C. § 1983, be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b).  On February 15, 2007, the plaintiff filed objections to the report and recommendation as well as an amended complaint.

The plaintiff objects to the magistrate judge's report and recommendation, reasoning that the amended complaint adequately states a cause of action for conspiracy.  The plaintiff alleges in the amended complaint:

> Prior to the 9th day of June, 1986, the defendant,  John M. McDaniel conspired with or had a meeting of the mind with the [Assistant District Attorney,] Tim Morgan, who was acting under the color of state law, to have the plaintiff Marcus F. Miller, to plead guilty to an unlawful and unconstitutional charge of Receiving Stolen Property in the first degree.

(Doc. 8 at 2.) The plaintiff further states that he was injured "[a]s a direct and proximate consequence of the conspiracy and meeting of the minds of the defendant Tim Morgan and John M.

McDaniel to create an unlawful, unconstitutional conviction and imprisonment of the Plaintiff Marcus F. Miller . . . ." (Doc. 8 at 2.)

Allegations of conspiracy must be specific and based upon facts rather than conclusions. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). "In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed . . . ." *Id.* at 557. Accordingly, "[a] complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *Id*. Indeed, the "naked assertion" of conspiracy without "supporting operative facts" is not sufficient to state a claim under § 1983. *See Phillips v. Mashburn*, 746 F.2d 782 (11th Cir. 1984).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Specifically, it is evident that the plaintiff still fails to plead any supporting operative facts in connection with his claim that the defendants conspired to deprive him of his civil rights. The plaintiff has done nothing more than make a naked and conclusory allegation of conspiracy and, as such, his claims in that regard are due to be dismissed. Accordingly, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b).

A Final Judgment will be entered.

DONE this 26th day of February, 2007.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE